## Topper v. C. W. Good, Inc.

*Windolph & Johnstone*, for petitioners.

*Paul A. Mueller* and *Charles W. Wolf*, contra.

WISSLER, J., March 19, 1954.—This is an action in trespass to recover damages for the wrongful death of plaintiff's husband, Philip B. Topper, under the Act of April 15, 1851, P. L. 669, as amended, and the Fiduciaries Act of April 18, 1949, P. L. 512, as amended, as a result of defendant's placing in and upon a public highway an obstruction of such a nature as to endanger persons lawfully using that highway. Defendant petitioned the court under Pa. R. C. P. 4007(a) for leave to propound to plaintiff interroga-

tories to learn the names and addresses of all witnesses having any knowledge of the facts upon which plaintiff's claim is based, and the names and addresses of any person or persons who will be called upon to testify in favor of plaintiff in the case.

Plaintiff filed six objections to defendant's petition for discovery and for an order requiring answers to interrogatories, which may be resolved into two main objections: (1) That this court has not heretofore granted discovery in a trespass action, and (2) the petition for discovery draws no distinction between witnesses having knowledge of the facts of the accident, and witnesses as to damages resulting from it.

Rule 4007(a) is not subject to any limitations and there can be no question as to the right of defendant under that rule to obtain the identity and whereabouts of the witnesses, be it in an action in assumpsit or trespass. It is true that plaintiff's petition for discovery draws no distinction between witnesses having knowledge of the facts of the accident, and witnesses as to damages resulting from it, but rule 4007(a) merely states that the court may allow the "discovery of the identity and whereabouts of witnesses." And since all that is asked for in the petition before the court are the names and addresses of all the witnesses having any knowledge of the facts, there seems no good reason why it should not include the names and addresses of persons having knowledge of the facts as to damages as well as to negligence.

And now, March 19, 1954, upon consideration of the foregoing petition, it is ordered and decreed that plaintiff shall forthwith furnish defendant with the names and addresses of all witnesses having a knowledge of the facts on which plaintiff's claim is based, both as to negligence and damages, by answering in writing the interrogatories attached to the petition.